UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE LOMELI-LOZANO,

        Petitioner,

v.                                     Case No. 06-C-1284

WILLIAM POLLARD,
Warden, Green Bay Correctional Institution

        Respondent.

**ORDER**

On December 13, 2006, Jose Lomeli-Lozano filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state sentence was imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of two counts of first degree sexual assault of a child, and was sentenced to 15 years of imprisonment plus 15 years of extended supervision. He is currently incarcerated at Green Bay Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Dockets.Justia.com

Lomeli-Lozano asks this court to overturn his sentence on the grounds that the sentencing court arbitrarily declined to consider reliable expert testimony related to his low risk of re-offending, and that the judge thereby abused his/her discretion in sentencing. However, his supporting memo clearly states that the sentencing court *did* consider the expert testimony; in fact, petitioner includes a lengthy excerpt from the sentencing transcript in which the judge states (s)he considered the report: "I looked at Dr. Alvarez's report, and I am clearly not of the same opinion that Dr. Alvarez is . . . ." (Pet'r's Memo in Supp. at 7.) Petitioner is dissatisfied with the weight the sentencing judge gave to the expert's report, but he misunderstands the protections afforded by due process with respect to sentencing. Due process is meant to ensure a fair sentencing procedure, not to ensure a particular result. Petitioner cannot raise a due process claim on the ground that the sentencing judge failed to consider the expert's report, for petitioner admits he did consider it.

As for abuse of discretion, I first note that a judge or other sentencing authority is given "very wide discretion" in determining an appropriate sentence. *Wasman v. United States*, 468 U.S. 559, 563 (1984). More important, petitioner has not set forth a colorable claim that the sentencing judge abused his/her discretion in sentencing, for the very basis for the alleged abuse—refusal to consider the report—is completely undermined by his own memo.

**THEREFORE, IT IS ORDERED** that petitioner's request for habeas relief is denied.

Dated this    26th    day of December, 2006.

                                                            s/ William C. Griesbach
                                                            William C. Griesbach
                                                            United States District Judge